## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT GREENEVILLE

| | | |
|---|---|---|
| DONALD H. BRITT, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No. 2:23-cv-65 |
| v. | ) | |
| | ) | Judge Atchley |
| JEFF CASSIDY, CHIEF CARSWELL, | ) | |
| BRIAN DILLARD, SORT TEAM, | ) | Magistrate Judge Wyrick |
| CHARLIE SHIFT, and OFFICER JONES, | ) | |
| | ) | |
| *Defendants*. | ) | |

## MEMORANDUM OPINION

Plaintiff, an inmate housed in the Sullivan County Detention Center, has filed a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an injury to his finger during his confinement [Doc. 1] and a motion for leave to proceed *in forma pauperis* [Doc. 4]. For the reasons set forth below, (1) Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**, and (2) this action will be **DISMISSED** because the complaint fails to state a claim upon which relief may be granted under § 1983.

## I.      MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

As it appears from his motion for leave to proceed *in forma pauperis* [Doc. 4] that Plaintiff is unable to pay the filing fee, this motion [*Id.*] will be **GRANTED**.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred

fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the Prison Litigation Reform Act ("PLRA") requirements for payment of the filing fee.

## II.     COMPLAINT SCREENING

### A.     Standard

Under the PLRA, district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).  The dismissal standard the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)."  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Thus, to survive a PLRA initial review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim for relief.  *Id.* at 681.  Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim.  *Twombly*, 550 U.S. at 570.  However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

2

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

## B.    Allegations

Plaintiff claims that on May 28, 2023, while he was in the Sullivan County Jail, "sort team" jail officials used zip ties to take him to the multipurpose room [Doc. 1 p. 3]. "[T]he Chief," presumably Defendant Chief Carswell, then directed the officers to take the zip ties off Plaintiff [*Id.*]. But when Defendant Officer Jones used a knife or seatbelt cutter to do so, he cut "a chun[]k out of [Plaintiff's] ring finger" [*Id.*].

Officers gave Plaintiff a band-aid and gauze, and Defendant Chief Carswell told Plaintiff that the medical staff would see him that night when they gave out medications [*Id.*]. However, the medical staff did not give Plaintiff his medications that night and therefore did not look at his wound until the next morning, at which point they gave Plaintiff his medications and more band-aids and told him that his finger "will take a long time to heal [be]cause of" the location of his injury [*Id.*]. The medical staff also took pictures of the wound to document the incident [*Id.*].

Plaintiff has sued Jeff Cassidy, Chief Carswell, Captain Brian Dillard, the "Sor[t] Team," "Sort Team Officer Jones," and "Charlie Shift" [*Id.* at 1–2]. As relief, "Plaintiff want[s] this [C]ourt to see how [] inmates are being treated" and requests seventy-five thousand dollars [*Id.*].

## C.    Analysis

A pretrial detainee's protection against excessive force arises from the Due Process Clause of the Fourteenth Amendment, which protects the detainee from force that amounts to punishment. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397–98 (2015). To demonstrate that a use of force violated the Fourteenth Amendment, a detainee must plead facts indicating that force was purposely or knowingly used against him in an objectively unreasonable manner. *Id*. at 397.

3

Also, after *Kingsley*, the Sixth Circuit modified "the subjective prong of the deliberate-indifference test for pretrial detainees" to hold that a pretrial detainee can establish deliberate indifference by proving "more than negligence but less than subjective intent—something akin to reckless disregard." *Brawner v. Scott Cnty.*, 14 F.4th 585, 596–97 (6th Cir. 2021) (citing *Castro v. Cnty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016)).

Plaintiff does not allege or set forth any facts from which the Court can plausibly infer that Defendant Officer Jones acted with reckless disregard, rather than negligently, in cutting off the zip ties in a manner that also cut Plaintiff's finger. Nor does Plaintiff set forth any facts from which the Court can plausibly infer that any other Defendant acted with reckless disregard in using force against Plaintiff. As such, the complaint fails to state a claim upon which relief may be granted under § 1983 based on any use of force. *Id.*

Likewise, Plaintiff has not set forth any facts from which the Court can plausibly infer that the medical staff's failure to see him on the night of his injury rose to the level of a constitutional violation, or that any Defendant was personally involved in or responsible for the medical staff not seeing Plaintiff on the night of his injury. Thus, this allegation likewise fails to state a claim upon which relief may be granted under § 1983. *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

As such, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983, and it will be **DISMISSED**.

### III.   CONCLUSION

For the reasons set forth above:

1.   Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 4] will be **GRANTED**;

2.   Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3.   The custodian of Plaintiff's inmate trust accounts will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4.   The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying judgment order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5.   Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6.   Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7.   The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**SO ORDERED.**

/s/ *Charles E. Atchley, Jr.*
**CHARLES E. ATCHLEY, JR.**
**UNITED STATES DISTRICT JUDGE**

5